## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ATLANTIC REFINISHING        :
RESTORATION, INC.              :
                                        :
            Plaintiff,          :      Civil Action No.:      10-681 (RMU)
                                          :
            v.                  :      Re Document No.:      6
                                          :
TRAVELERS CASUALTY AND     :
SURETY COMPANY OF AMERICA,   :
                                        :
            Defendant.       :

## MEMORANDUM OPINION

### GRANTING THE PETITIONER'S MOTION TO INTERVENE

## I. INTRODUCTION

This matter is before the court on the motion of Desbuild, Inc. ("the petitioner"), to intervene as a defendant. The petitioner was selected as the general contractor for the government-funded restoration of a historical building in Washington, D.C. The plaintiff, one of the petitioner's subcontractors on this project, claims that it did not receive full compensation under its contract and is suing the petitioner's surety, Travelers Casualty and Surety Company of America ("Travelers"). Because the petitioner has shown it has a right to intervene under Federal Rule of Civil Procedure 24, the court grants the petitioner's motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

The petitioner entered into a contract with the General Services Administration ("GSA") to act as the prime contractor for the exterior masonry repair, repointing and cleaning of the historic Sydney Yates Building in Washington, D.C. Compl. ¶ 5. The petitioner and the plaintiff subsequently entered into a subcontract whereby the plaintiff, in exchange for payment, would

provide certain materials and services for the project.  *Id.* ¶¶ 9-10.  The petitioner asserts that the subcontract also included a mandatory arbitration clause.  Petr's Mot., Ex. B at 2.

On September 18, 2009, and again on September 29, 2009, the GSA terminated the petitioner's contract for cause.  *Id.* ¶ 26.  While working as a subcontractor, the plaintiff sent the petitioner invoices totaling $197,344.25.  *Id.* ¶¶ 27-33.  The plaintiff alleges that to date, $97,281.25 remains unpaid.  *Id.* ¶¶ 34-35.

As the prime contractor, the petitioner was required to issue a bond for the benefit of its subcontractors and suppliers ("payment bond").  Compl. ¶ 6.  The bond named the petitioner as the principal and the defendant as the surety.  *Id.* ¶ 7.  According to the petitioner, the defendant and the petitioner entered into a surety agreement whereby the defendant could seek indemnification from the petitioner for a judgment entered against it due to the petitioner's actions.  Petr's Mot. ¶ 2.

The plaintiff commenced this action on April 30, 2010, naming Travelers as the sole defendant.  *See generally* Compl.  The plaintiff claims that that the petitioner refuses to remit the remainder of the payment which it is entitled to and is therefore demanding payment from the defendant, who the plaintiff maintains, is liable to the plaintiff for such costs.  *Id.* ¶¶ 42-43.  On July 19, 2010, the petitioner filed the present motion to intervene as a defendant.  *See generally* Petr's Mot.  With this motion now ripe for adjudication, the court turns to the applicable legal standard and the parties' arguments.

### III.  ANALYSIS

#### A.  Legal Standard for a Motion to Intervene

Federal Rule of Civil Procedure 24 sets forth the requirements for intervention as of right and permissive intervention.  FED. R. CIV. P. 24; *Fund for Animals, Inc. v. Norton*, 322 F.3d 728,

731 (D.C. Cir. 2003). First, Rule 24(a) provides for intervention as of right, stating that

> [u]pon timely application anyone shall be permitted to intervene in an action . . . when a statute of the United States confers an unconditional right to intervene; or . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

*Id.* As paraphrased by this Circuit, the rule indicates that an applicant's right to intervene depends on "(1) the timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties." *Fund for Animals*, 322 F.3d at 731; *see also Jones v. Prince George's Cnty, Md.*, 348 F.3d 1014, 1017 (D.C. Cir. 2003) (listing the four elements of Rule 24(a) as "timeliness, interest, impairment of interest, and adequacy of representation"). In addition, an applicant must demonstrate that it has standing. *Jones*, 348 F.3d at 1017-18; *Fund for Animals*, 322 F.3d at 731-32.

Alternatively, Rule 24(b) authorizes permissive intervention for an applicant who timely files a motion when a federal statute confers a conditional right to intervene or the applicant's claim or defense has a question of law or fact in common with the main action. FED. R. CIV. P. 24(b). In considering a motion for permissive intervention, a court must determine whether the proposed intervention "will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

### B. The Court Grants the Petitioner's Motion to Intervene

The petitioner asserts that it should be permitted to intervene as a matter of right, or,

alternatively, with the court's permission because it has an interest in the litigation that will not be adequately represented if the case proceeds without its participation. Petr's Mot. at 1-2. More specifically, the petitioner contends that as the principal of the payment bond, its interests are directly implicated by this action because the defendant will seek indemnification from it if judgment is awarded for the plaintiff. *Id.* at 2. The petitioner further asserts that without being permitted to intervene, "its ability to directly protect its financial interests and avoid the possibility of judgment against it will be materially impaired or impeded." *Id.* Lastly, the petitioner argues that its interests are not adequately represented by the defendant because the petitioner "seeks to enforce the binding arbitration provision in the [s]ubcontract," a defense which the defendant has not exerted. Petr's Reply at 3.

The plaintiff responds that the petitioner lacks the requisite interest to intervene in this matter, and that any interest the petitioner has will be adequately protected by the defendant. Pl.'s Opp'n at 1-2. The plaintiff argues that the petitioner has no interest in the current litigation because its purported interest is contingent on both the court entering judgment in favor of the plaintiff and the defendant enforcing its indemnity agreement against the petitioner. Pl.'s Opp'n at 3. The plaintiff further maintains that the petitioner's interests are adequately protected by the defendant because it is common practice for a bond principal to "end[] up in control of the defense of the surety," and because the parties have the same counsel. *Id.* at 6.

Under Rule 24, the petitioner is entitled to intervene if it can demonstrate that it has satisfied all of the requirements: timeliness, interest, impairment of interest, and adequacy of representation. *Jones*, 348 F.3d at 1018. First, it is undisputed that the petitioner's motion, which was filed before the scheduling of an initial status hearing in this matter, is timely. *See generally* Pl.'s Opp'n. Additionally, the petitioner, as the principal of the payment bond, has a

clear interest in this litigation because if a judgment is granted against the defendant, the

defendant is likely to seek indemnification from the petitioner, pursuant to their surety

agreement.[1] *United States ex rel. MPA Constr., Inc. v. XL Specialty Ins. Co.*, 349 F. Supp. 2d

934, 937 (D. Md. 2004) (holding that a petitioner seeking to intervene in a suit between its

subcontractor and surety "clearly has a 'direct and substantial interest' in the transaction because

[the surety], if held liable, will turn to [the petitioner] for indemnification").

Next, the court considers whether allowing this action to proceed without the petitioner

would impair its ability to protect its interest. "In determining whether a movant's interests will

be impaired by an action, the courts in this circuit look to the 'practical consequences' to movant

of denying intervention." *Schoenborn v. Wash. Metro. Area Transit Auth.*, 247 F.R.D. 5, 7

(D.D.C. 2007) (quoting *Am. Horse Prot. Ass'n, Inc. v. Veneman*, 200 F.R.D. 153, 158 (D.D.C.

2001)). Here, if the petitioner was not allowed to intervene, it could nonetheless be forced to

indemnify the defendant for the debt claimed by the plaintiff without an opportunity to legally

dispute its liability. Thus, the practical consequence of denying intervention would be to deprive

the petitioner of an opportunity to raise arguments and defenses before the adjudication of its

own liability to the plaintiff. It is also insufficient that the petitioner may have additional

---

[1]     The plaintiff relies solely on *Indep. Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, 105 F.R.D.
106 (D.D.C. 1985) to argue that the petitioner's contingent liability here does not create the sort
of interest required for intervention as a matter of right. Petr's Reply at 2. In *Indep.
Petrochemical Corp.*, a plaintiff chemical company sought a declaratory judgment against its
insurer, obligating the insurance company to indemnify and defend actions brought against the
plaintiff for injuries allegedly caused by chemical exposure that the plaintiff was supposedly
responsible for. 105 F.R.D. at 110-11. The claimants in the various personal injury suits sought
to intervene in the plaintiff's declaratory judgment action, but were denied because their interest
in the case were contingent on hypothetical judgments that had not yet been issued against the
chemical company in separate cases. *Id.* In stark contrast, the petitioner's interest is not triggered
by a judgment in a wholly different case, but is instead directly and currently implicated in this
case. Stated otherwise, the petitioner is interested *right now* in avoiding a determination in this
proceeding of its liability to the plaintiff for the amount in question, even if the repercussions of
that determination will only crystallize once the defendant seeks indemnification. Accordingly,
*Indep. Petrochemical Corp.* is inapposite to the court's determination that the petitioner has an
interest under Rule 24.

recourse in the future if it were to defend against an indemnification claim by the defendant. *See id.* (observing that intervention was not improper solely because the petitioner had the opportunity to later challenge the award in a suit for breach of fiduciary duty). Accordingly, the petitioner's ability to protect its interest would be impeded without intervention.

Lastly, the petitioner must demonstrate the inadequacy of the defendant's representation in order to intervene as of right. Prior to Rule 24's inadequacy of representation requirement, it was clear that "a contractor which [had] agreed to indemnify its surety on a bond [could] intervene as a party defendant as of right in suit on that bond against the surety." *XL Specialty Ins. Co.*, 349 F. Supp. 2d at 937 (noting that the Second and Fifth Circuits had created a per se right of intervention for a principal of a bond (citing *United States ex rel. Foster Wheeler Corp. v. American Sur. Co.*, 142 F.2d 726, 728 (2d Cir. 1944); *Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 716 (5th Cir. 1970))). Under Rule 24, however, courts now presume that the principal is adequately represented by its surety because they both have the "same ultimate objective," *i.e.*, to avoid liability on the payment bond. *See* 6 FED. PRAC. 3 § 24.03 (noting that a presumption of adequate representative exists if both the movant and the existing party have the same ultimate objective); *XL Specialty Ins. Co.*, 349 F. Supp. 2d at 937 (observing that a per se right for principals "appears to conflict with Rule 24(a)(2)" because the surety is required to provide a good faith defense for the principal). The petitioner may, however, rebut the presumption of adequacy by showing the existence of "special circumstances" that make the representation inadequate. *Id.*; *Schoenborn*, 247 F.R.D. at 9. For instance, the petitioner may rebut the presumption by demonstrating that he intends to raise claims or arguments that would not otherwise be raised. *See Jones*, 348 F.3d at 1019-20 (noting that "an existing party who is . . . unwilling to raise claims or arguments that would benefit the

putative intervenor may qualify as an inadequate representative in some cases").

The court is persuaded that special circumstances exist here due to the petitioner's intention to enforce the subcontract's arbitration clause.[2]  The petitioner has been candid about its intention, if allowed to intervene, to move this court to require the plaintiff to arbitrate this suit as purportedly required by their subcontract.  Petr's Mot., Ex. 1.  Notably, the defendant has not advanced this defense, despite putting forth thirteen other affirmative defenses in its answer. *See generally* Answer.  The petitioner should not be forced to rely on the defendant to raise defenses in a case where its own liability is at stake.  Because the petitioner has demonstrated that special circumstances exist which make the defendant's representation of the petitioner's interests inadequate, the court grants its motion to intervene.[3]


## IV.  CONCLUSION

For the foregoing reasons, the court grants petitioner's motion to intervene.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 21st day of December, 2010.

---

[2]    The plaintiff fails to provide any support for its notion that the retention of identical counsel by the petitioner and the defendant indicates that the petitioner is already receiving adequate representation by the defendant.  *See generally* Pl.'s Opp'n.  Although the court agrees that representation by the same counsel is evidence that, at least at this point, those parties have no conflicting arguments or defenses, it does not automatically follow that counsel would continue to represent the petitioner's interests even if it were not allowed to proceed as a party in this case.  As elaborated above, the petitioner may have defenses which are not in conflict with the defendant but which the defendant, for whatever reason, may not choose to advance.

[3]    The court also determines that there is good reason to grant the petitioner permission to intervene under Rule 24(b).  It is undisputed that the petitioner's defense has a question of law or fact in common with the main action.  FED. R. CIV. PROC. 24(b); *see generally* Pl.'s Opp'n.  Additionally, the plaintiff does not argue nor does this court conclude that the timing of the petitioner's motion to intervene, filed before the scheduling of the initial status hearing, has prejudiced its case.  FED. R. CIV. PROC. 24(b).